UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

IRA McCULLARS,

                   Petitioner,

         v.                                9:21-CV-0751
                                                     (GLS)

SUPERINTENDENT HARPER,

                   Respondent.
_____

APPEARANCES:                                  OF COUNSEL:

IRA McCULLARS
Petitioner, pro se
11-B-3093
Mohawk Correctional Facility
P.O. Box 8451
Rome, NY 13440

GARY L. SHARPE
United States Senior District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

Petitioner Ira McCullars seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet.").[1] Petitioner also remitted the statutory filing fee with his petition. Dkt. Entry for Pet. dated July 1, 2021 (indicating receipt information for filing fee transaction).

For the reasons that follow, petitioner is directed to file an affirmation addressing the issues discussed herein.

**II.    THE PETITION**

---

[1] For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

Petitioner challenges a 2011 judgment of conviction in Onondaga County, upon a jury verdict, of first degree burglary and fourth degree conspiracy. Pet. at 1-2; *see People v. McCullars*, 126 A.D.3d 1469, 1470 (4th Dep't 2015). The New York State Appellate Division, Fourth Department, affirmed the conviction and, on June 16, 2015, the New York State Court of Appeals denied leave to appeal. Pet. at 2-3; *McCullars*, 126 A.D.3d at 1471, *lv. denied* 25 N.Y.3d 1167 (2015).

Petitioner also filed a writ of error coram nobis on September 2, 2016. Pet. at 4. The Fourth Department denied the motion on November 10, 2016. *Id.*; *accord People v. McCullars*, 144 A.D.3d 1616 (4th Dep't 2016). Petitioner applied for leave to appeal, which the Court of Appeals denied on February 15, 2017. Pet. at 4; *accord People v. McCullars*, 28 N.Y.3d 1186 (2017).

Petitioner also appears to have filed two separate motions to vacate his conviction pursuant to New York State Criminal Procedure Law § 440.10 ("440 motion"). Pet. at 3-4. The first motion was filed on June 20, 2018, and was denied by County Court without a hearing on October 5, 2018. Pet. at 3, 12. Petitioner sought leave to appeal, which was denied by the Fourth Department on March 21, 2021. *Id.* at 8, 12. Petitioner then unsuccessfully sought leave to appeal from the Court of Appeals. *Id.* at 7, 12. Petitioner's second 440 motion was filed on June 11, 2019; however, no further details were provided about its procedural posture. *Id.* at 4, 10.

Petitioner contends that he is entitled to federal habeas relief because (1) his conviction was the result of an unlawful arrest, Pet. at 5-9; (2) the trial court erred when it admitted pictures of guns into evidence, *id.* at 10-11; and (3) petitioner's conviction was

2

based on biased witness testimony, *id.* at 11-12. For a complete statement of petitioner's claims, reference is made to the petition.

## III.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), enacted on April 24, 1996, established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. *See* 28 U.S.C. § 2244(d)(1). The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. *See id.* § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n.9 (2012).[2]

For purposes of section 2244, a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case. *See Gonzalez*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009).

The one-year limitation period under AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see Saunders*, 587 F.3d at 548. The tolling provision "excludes time during which properly filed state relief applications are pending, but does not reset the date from which the one-year statute of limitations begins to run." *Smith v.*

---

[2] Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed, the date on which the constitutional right on which the petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized and made retroactively applicable, or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). *See* 28 U.S.C. § 2244(d)(1)(B)-(D). None of the bases for a later date upon which the statute of limitations could have begun to run appear to apply in this case.

3

*McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam). The tolling provision excludes from the limitations period only the time that the state relief application remained undecided, including the time during which an appeal from the denial of the motion was taken. *See Saunders*, 587 F.3d at 548; *Smith*, 208 F.2d at 16.

Moreover, AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008). Courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). However, a petitioner's lack of legal knowledge does not constitute extraordinary circumstances preventing him or her from filing a timely petition. *See Jenkins v. Greene,* 630 F.3d 298, 305 (2d Cir. 2010); *Smith,* 208 F.3d at 18 (noting that a petitioner's pro se status does not establish sufficient ground for equitable tolling).

In this case, as petitioner indicates in his petition, his conviction was affirmed by the Court of Appeals on June 16, 2015. Pet. at 2-3; *McCullars*, 25 N.Y.3d at 1167. Petitioner's conviction became "final" for purposes of the AEDPA ninety days later, on September 14, 2015, when the time to seek a writ of certiorari expired. *See Thaler*, 565 U.S. at 149. Petitioner had one year from that date, or until September 13, 2016, to file a timely federal habeas petition. The present petition, signed on June 21, 2021, is over four years and nine

4

months late.[3]

While the statute of limitations will be statutorily tolled while petitioner's properly filed collateral attacks were pending, his habeas petition is still untimely.

Petitioner's petition for a writ of error coram nobis was filed on September 2, 2016, after 354 days of the limitations period had passed. Therefore, statutory tolling occurred for the pendency of petitioner's coram nobis litigation and appeals. Accordingly, the limitations period began again on February 16, 2017, the day after the Court of Appeals denied petitioner's application for leave to appeal. Accordingly, the limitations period to timely file his habeas petition expired eleven days later on February 27, 2017.

Petitioner's two 440 motions also provide little help. This is because they were both filed after the expiration of the limitations period. Accordingly, it would have no bearing on the present analysis because an application for collateral relief cannot serve to "revive [an] expired statute of limitations." *Gillard v. Sticht*, No. 9:16-CV-0513 (MAD), 2017 WL 318848, at *3 (N.D.N.Y. Jan. 23, 2017) (citations omitted); *accord Roberts v. Artus*, No. 1:16-CV-2055, 2016 WL 2727112, at *2 (E.D.N.Y. May 5, 2016) ("If the 440 motion was filed after the one-year statute of limitations period expired, it cannot be counted for purposes of statutory tolling.").

Petitioner specifically addresses the timeliness of his petition. Pet. at 16-17. He admits that his petition is untimely; however, he argues that "the Deputy Clerk of the Fourth Department Appellate Division . . . denied [him] access to the Court for frivolous reasons, for almost three years . . . start[ing] back in June of 2018[.]" *Id.* Petitioner asserts that the

---

[3] Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988)

5

condition did not improve, and he was not granted leave to access the appellate division, until January of 2021. *Id.* at 17.

However, this still appears insufficient to save petitioner's admittedly untimely petition. If petitioner's access to the courts was impeded in June 2018, such impediment occurred more than a year and three months beyond the expiration of the limitations period.

The Supreme Court has held that the district court may raise the statute of limitations issue sua sponte, but before the court may dismiss the petition sua sponte on that basis, the petitioner is entitled to notice and an opportunity to be heard regarding the timeliness issue. *See Day v. McDonough*, 547 U.S. 198, 209-11 (2006). Accordingly, petitioner is given leave to file a written affirmation **within thirty (30) days** of the filing date of this Decision and Order that explains why the statute of limitations should not bar his petition. The affirmation shall not exceed fifteen (15) pages in length. If petitioner fails to comply with this order, this petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

## IV. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner may file a written affirmation, **within thirty (30) days** of the filing date of this Decision and Order, explaining why the statute of limitations should not bar this petition. The affirmation shall not exceed fifteen (15) pages in length. Petitioner should state the date(s) upon which he filed any state court applications for relief in which he challenged his conviction, including the name and location of the court(s) in which he filed each application, and the date(s) upon which the application(s) were denied. If petitioner is asking the court to equitably toll the limitations period, he must set forth facts establishing a basis for the application of equitable tolling as stated above. If petitioner is asking the Court

to apply an equitable exception to the limitations period, he must set forth facts establishing a basis for doing so. No answer to the petition will be required from the respondent until petitioner has submitted the required affirmation, and the Court has had the opportunity to review his arguments; and it is further

**ORDERED** that, upon petitioner's submission of the written affirmation, the Clerk shall forward the entire file to the court for review; and it is further

**ORDERED** that, if petitioner fails to submit the required affirmation, this petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d) without further order of the Court; and it is further;

**ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

July 13, 2021
Albany, New York

Gary L. Sharpe
U.S. District Judge